THE defendant was indicted in the Frederick Circuit Court for wilful and corrupt perjury in taking the oath of an insolvent debtor before the county court of : Frederick on the 5th day of September, 1809. The defen- *266 datit’s counsel moved the court to quash the indictment on the ground that the county court had not at the time when the oath was charged to have been taken, legal and competent authority to administer the same. (Note; the executions on which the defendant had been taken, were all issued from the office of the county court of Frederick.)
The question in this case arose from the 2d and 13th sections of the act of 1794, amendatory of the execution law, (see 1 Rev. Co. ch. 176, p. 324 and 326), and their operation on the 38th section of the execution law of 1793. (See p. 303.) The law of 1793 provides for bringing the person charged in execution before the court itself (if sitting) in which the suit was commenced or prosecuted, or (if not sitting) before two judges, or justices of the said court, (as the case may be); which court, judges or justices many administer the insolvent debtor’s oath. The 2d section of the act of 1794 provides for bringing the person charged in execution, before any two justices of the county or corporation, to whose jail he may be committed, and the said justices shall have power to administer the oath. The 13th section of the last mentioned law repeals so much of the 38th section of the act of 1793 as “ is contrary’'’ thereto. So that in this case the question was whether the power vested in the courts themselves to administer the oath by the act of 1793 was *267 taken away from them by the act of the next year, and confided exclusively to the two justices. The general court, June 13, 1812, decided “ that the county court of “ Frederick had not on the 5th day of September, 1809, “ legal and competent authority to administer the oath “ prescribed in the case of insolvent debtors.”